United States District Court
Southern District of Texas

**ENTERED**

April 14, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DOBBIN PLANTERSVILLE WATER SUPPLY CORPORATION, a Texas water supply corporation, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL CASE NO. H-23-1583 |
| MONTGOMERY COUNTY MUNICIPAL UTILITY DISTRICT NO. 180, | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

This case is Dobbin Plantersville Water Supply Company's second federal court case trying to obtain a court order enabling it to continue supplying water to an area after the Texas Public Utility Commission decertified that area from the Certificate of Convenience and Necessity previously issued to Dobbin. In the first case, Dobbin sued the Public Utility Commission. The Fifth Circuit affirmed the district court's dismissal of Dobbin's claims for lack of standing. In this case, Dobbin sues the municipal utility district that now provides water services to the area subject to the decertification order. Under Texas law, that municipal utility district, MUD 180, did not require a certificate of convenience and necessity to provide water services to an area.

MUD 180 moves to dismiss Dobbin's suit under Federal Rules of Civil Procedure 12(b)(1) and 12(c). Based on the pleadings, the motion and briefs, the record, and the applicable law, this court grants the motion to dismiss. The reasons are set out below.

## I.    Background

Dobbin previously provided water to customers in the area covered by Certificate of Convenience and Necessity No. 11052. (Docket Entry No. 19 ¶ 5). Dobbin alleges that the Certificate identified its service territory and granted it "the exclusive legal right and duty" to serve

customers in that territory under 7 U.S.C. § 1926(b), the Consolidated Farm and Rural Development Act. (*Id*.).

On March 30, 2019, a real estate developer, Sig Magnolia, purchased land covered by Dobbin's Certificate. (*Id*. ¶ 7). Dobbin alleges that Sig Magnolia "assisted in creating MUD 180," a municipal utility district created to provide water to the homes that Sig Magnolia would build on the property it had purchased. (*Id*. ¶ 8). Magnolia Springs is in the area covered by Dobbin's Certificate. (*Id*. ¶ 9). Sig Magnolia and MUD 180 entered into a financing and development agreement under which MUD 180 would design and construct the infrastructure necessary to provide water to Magnolia Springs. (*Id*.; Ex. A). MUD 180 then entered into construction and financing lease agreements with another entity, AUC Group, under which AUC would construct a significant part of the water infrastructure in Magnolia Springs and lease it to MUD 180. (*Id*. ¶ 10; Ex. B).

Construction of the water infrastructure under these agreements began at the end of May 2021. (*Id*. ¶ 11). By August 2022, MUD 180 was receiving utility service applications from potential customers. (*Id*. ¶ 12). When Dobbin filed this suit in April 2023, MUD 180 was already leasing the infrastructure from AUC and using it to provide water service to homes in Magnolia Springs. (*Id*.). Dobbin alleges that MUD 180 makes lease payments to AUC and will eventually purchase the entire water infrastructure system covered by the lease agreement. (*Id*.).[1]

On April 5, 2021, Sig Magnolia filed a petition for decertification with the Public Utility Commission, asking to have Magnolia Springs removed from the area covered by Dobbin's Certificate so that MUD 180 could provide water to Magnolia Springs customers instead of Dobbin. (*Id*. ¶ 13; Ex. C). Sig Magnolia did not ask Dobbin to provide water service to Magnolia

---

[1] AUC is not a party to this action.

Springs.  (*Id*. ¶ 14).  Dobbin asserts that had it received such a request, it could have the infrastructure necessary to provide the water service within a reasonable period. (*Id*. ¶ 15).

Dobbin filed the first suit in the Western District of Texas, naming Sig Magnolia and the Public Utility Commission as defendants in that suit.  (*Id.* ¶ 17).  Dobbins sought to enjoin the Public Utility Commission from issuing an order of decertification. (*Id*.).  Dobbin argued that the federal law preempted the state statute under which Sig Magnolia sought decertification, and asked the court to adjudicate Dobbin's federal rights against the Public Utility Commission.  (*Id*.).  MUD 180 was not named as a party in the Western District case.  Dobbin alleges that it learned through discovery in that case of MUD 180's "pursui[ng] and/or attempted provision of competitive water service to customers within Dobbin's CCN and its federally protected territory."  (*Id*.).

The Public Utility Commission granted Sig Magnolia's petition for decertification on January 31, 2022.  (*Id*.).  In March 2023, the Western District of Texas granted Sig Magnolia's motion for summary judgment and dismissed Dobbin's suit for lack of subject-matter jurisdiction. (*Id*. ¶ 19).

Dobbin filed this second federal case on April 28, 2023.  (Docket Entry No. 1).  Dobbin alleges that "MUD 180 providing water service to *existing* customers within Dobbin's § 1926(b) protected service area violates Dobbin's federal rights and curtails the service provided or made available by Dobbin."  (Docket Entry No. 19 ¶ 29).  Dobbin also alleges that "MUD 180 taking steps to provide water service to future customers within Dobbin's § 1926(b) protected service area also curtails and limits Dobbin's ability to serve its customers and violates Dobbin's federal protections."  (*Id*.).  Dobbin seeks damages for its "economic loss due to MUD 180's encroachment" and "wrongful acts."  (*Id*. ¶ 30).  MUD 180 moved to dismiss, (Docket Entry No. 14), and Dobbin amended its complaint.  (Docket Entry No. 19).

While this case was pending in the Southern District of Texas, Dobbin appealed the decision in the earlier-filed Western District of Texas case. This court stayed this case until the Fifth Circuit decided the appeal. (Docket Entry No. 23). In July 2024, the Fifth Circuit affirmed the Western District's dismissal. *See Dobbin Plantersville Water Supply Corp. v. Lake*, 108 F. 4th 320 (5th Cir. 2024). The Fifth Circuit held that the district court was within its discretion in holding "that Dobbin lacked a cause of action against the developers, and an injunction prohibiting the PUC from enforcing its decertification decisions would not redress Dobbin's injuries." *Id*. at 323. The Fifth Circuit found that enjoining the Public Utility Commission's enforcement of the decertification orders would be pointless because the Public Utility Commission had already released the properties from Dobbin's Certificate. *Id*. at 326. That left nothing for the Public Utility Commission to do, because MUD 180 and the City of Montgomery could provide service to the area regardless of any action by the Public Utility Commission. *Id.* at 326-27. Because there was no viable way to redress the injury Dobbin claimed, the Fifth Circuit also found that Dobbin lacked standing under Article III to assert its preemption claims. *Id*. at 328. Dobbin's motion for rehearing was denied on January 30, 2025. (*See* No. 23-50215, Docket Entry No. 142.)

Undeterred, Dobbin filed this case. (Docket Entry No. 1). It asserts the following against MUD 180: (1) a violation of 42 U.S.C. § 1983, on the basis that MUD 180 has deprived Dobbin of its federal statutory and equitable rights under §1926(b); (2) Dobbin is entitled to a judgment under 28 U.S.C. §§ 2201 and 2202 declaring the rights of Dobbin and MUD 180 as to: (a) the effect of MUD 180's annexation, incorporation, or inclusion of land in what had been Dobbin's territory, (b) the actual and threatened water service by MUD 180 within Dobbin's territory, and (c) MUD 180's interference with Dobbin's potential customers within the area where Dobbin had provided or made water service available; (3) Dobbin is entitled to a declaratory judgment that

4

Texas Water Code § 13.2541, the provision MUD relies on to provide the water service, is preempted by § 1926(b), and that any order issued by the Public Utility Commission decertifying any part of Dobbin's Certificate has no prospective force or effect and is also void because the decertification order was issued under a void statute preempted by federal law; (4) Dobbin is entitled to injunctive relief against MUD 180 for existing and threatened violations of § 1926(b); and (5) Dobbin is entitled to a claim for constructive trust on any water infrastructure that MUD 180 has constructed or arranged for another entity to construct, or is currently using to serve Magnolia Springs customers or other customers in the area previously covered by Dobbin's Certificate, asserting that such infrastructure must be held for the use and benefit of Dobbin and conveyed to Dobbin as part of the equitable remedies available through § 1926(b). (Docket Entry No. 19 at 8-11).

MUD 180 moves to dismiss Dobbin's amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(c), and Dobbin has responded. (Docket Entry Nos. 31, 32).

## II.    The Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) calls into question the district court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) (quoting reference omitted). The party invoking the court's jurisdiction carries the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before

addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings" under Federal Rule of Civil Procedure 12(c). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002) (quoting reference omitted). "Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same." *Id*. at 313 n.8.

## III.  Analysis

A plaintiff must have standing under Article III of the United States Constitution to bring a claim within a federal court's subject matter jurisdiction. *See Abraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022). To establish standing under Article III, a plaintiff must allege and prove (1) an injury in fact, (2) that is traceable to the defendants' conduct, and (3) that can be redressed by the court. *Id*. (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Daves v. Dallas County, Tex*., 22 F.4th 522, 542 (5th Cir. 2022) (en banc) (quoting *Davis v. Fed. Elec. Comm'n*, 554 U.S. 724, 734 (2008)). Redressability is "a likelihood that the requested relief will redress [the alleged] injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). For an injury to be redressable, the plaintiff must "benefit in a tangible way from the court's intervention." *Id*. at 103 n.5 (citing *Warth v. Seldin*, 422 U.S. 490, 508, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343 (1975)).

Under Texas Water Code § 13.242(a), "a water supply . . . corporation may not in any way render retail water . . . service directly or indirectly to the public without first having obtained from the utility commission a [CCN]. . . ." MUD 180 asserts that it only began providing water service to Magnolia Springs after the Public Utility Commission decertified the subdivision from Dobbin's state-issued Certificate, thereby eliminating Dobbin's legal right under state law to provide water service to Magnolia Springs. (Docket Entry No. 31 at 9). MUD 180 argues that because Dobbin has lost the legal right to provide services to Magnolia Springs, it lacks standing to assert claims under § 1926(b) against MUD 180. (*Id*. at 14).

Section 1926(b) "prohibits municipalities from encroaching on services provided by utilities with outstanding loans." *City of Red Oak, Texas v. United States Dep't of Agric. by & through Vilsack*, No. A-20-CV-483-RP, 2021 WL 5194720, at *1 (W.D. Tex. July 30, 2021), *report and recommendation adopted*, No. 1:20-CV-483-RP, 2021 WL 5195095 (W.D. Tex. Sept. 20, 2021). Section 1926(b) states that:

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan . . . .

7 U.S.C. § 1926(b).

MUD 180 asserts that the Fifth Circuit's decision in *Green Valley SUD* is the relevant standard for determining whether Dobbin has a legally protected interest under § 1926(b). *See Green Valley Special Utility District v. City of Schertz*, 969 F.3d 460, 477 (5th Cir. 2020); (Docket Entry No. 31 at 15). In that case, the Fifth Circuit held that "a utility must show that it has (1) adequate facilities to provide service to the area within a reasonable time after a request for service is made, and (2) the legal right to provide service." *Id*. Citing *Green Valley SUD*, MUD 180 argues that "where a utility loses either its legal right to serve under state law, or cannot physically

7

serve a particular location, the protections of § 1926(b) will no longer apply." (Docket Entry No. 31 at 15).[2]

MUD 180 argues that "since the [Public Utility Commission] has already decertified Magnolia Springs from Dobbin's [Certificate], Dobbin lacks any legal right to serve the tract, much less the exclusive right to do so, because Texas water supply corporations such as Dobbin require a [Certificate] to provide retail utility service to an area." (*Id*.). MUD argues that because of the decertification order, Dobbin has lost its legal right and ability to provide water to Magnolia Springs. (*Id*.). If Dobbin has lost the legal right to serve Magnolia Springs, it cannot state any injury under § 1926(b) that meets the test set out in *Green Valley SUD*. (*Id*.). According to MUD 180, Dobbin's claimed injury—its inability to legally provide service to Magnolia Springs and resulting loss of revenue—is traceable to the Public Utility Commission's decertification order, not to any action by MUD 180. (*Id*. at 16). MUD 180 argues that no relief against it can redress Dobbin's claimed injury because only the Public Utility Commission can grant Dobbin the right to provide water service to Magnolia Springs. (*Id*.).

Dobbin responds that it has the right to bring suit under § 1926(b) and the legal right to serve Magnolia Springs under *Green Valley SUD*. (Docket Entry No. 32 at 16). Dobbin asserts that the Public Utility Commission's decertification order was issued under a preempted, and thus void, state statute, § 13.2541 of the Texas Water Code. Dobbin claims that because § 1926(b)

---

[2] Dobbin has pled that "[i]f Sig Magnolia had requested water service from Dobbin, Dobbin has and had made water service available because Dobbin has and had adequate nearby facilities and infrastructure to provide water service to the Sig Property within a reasonable time after a request for water service is presented to Dobbin by Sig Magnolia." (Docket Entry No. 19 ¶ 15). MUD 180 strenuously disputes that Dobbin had the necessary infrastructure to provide water services to Magnolia Springs. (Docket Entry No. 31 at 10; Docket Entry No. 33 at 11-13). Because the court finds that Dobbin fails to plead a legal right to provide service, as discussed below, the court need not reach the issue of whether Dobbin had the necessary infrastructure to provide services.

preempts § 13.2541, § 1926(b) is void ab initio. (*Id*.). And Dobbin asserts that because the decertification order is also under review in state court, its original Certificate remains intact, so that Dobbin has the exclusive right to provide water to Magnolia Springs, or, at least, MUD 180 may not serve Magnolia Springs until the state-court review is complete. (*Id*. at 17).

Dobbin also asserts that MUD 180's motion mischaracterizes the relief that Dobbin seeks as retroactively invalidating the Public Utility Commission's decertification order. Instead, Dobbin argues, it seeks a determination that MUD 180 cannot prospectively enforce the Public Utility Commission's decertification order. (*Id*. at 18). Citing *Green Valley SUD*, Dobbin asserts that prohibiting the Public Utility Commission from allowing another utility to serve any area decertified from the area Dobbin's Certificate had covered would redress an ongoing violation of Dobbin's rights under § 1926(b). *Green Valley SUD*, 969 F. 3d at 472-73; (Docket Entry No. 32 at 18). Dobbin argues that "the jurisdictional concerns" in the Western District of Texas suit against the Public Utility Commission "are not present here because § 1926(b) creates a direct cause of action against a competing provider," such as MUD 180. (*Id*.).

MUD 180 replies that Dobbin is simply attempting to get around the Fifth Circuit's prior ruling. (Docket Entry No. 33 at 2). The court agrees. Dobbin claims that it has a legal right to serve Magnolia Springs, despite the decertification order because the court must find that the Public Utility Commission's decertification order is void. The Fifth Circuit previously addressed this issue in the appeal of the Western District of Texas's decision:

> The only way Dobbin could obtain real relief against the PUC (and prevent its competitors, MUD 180 and the City of Montgomery, from providing service within its former CCN) is through a ruling that invalidates the PUC's two decertification orders. But Dobbin has not sought such relief, because the invalidation of a final agency order is inherently retrospective and, thus, impermissible under *Young*. This court made that clear in *Green Valley*: 'That relief – the voiding of a final state' agency order – is 'quintessentially retrospective' and thus out of bounds under *Young*.

*Dobbin*, 108 F.4th at 327 (citing *Green Valley SUD* at 969 F. 3d at 473).  The court in *Green Valley SUD* held that the relief the plaintiff sought—prospectively enjoining the Public Utility Commission from enforcing an order that the plaintiff contended was unlawful—could be available under the *Ex parte Young* exception to sovereign immunity.  The *Green Valley SUD* court did not address whether that relief would actually redress the plaintiff's injuries.  The Fifth Circuit held that the relief Dobbin sought, and now again seeks, would not redress the injuries it alleged.  *Dobbin*, 108 F.4th at 328.

Dobbin frames the relief it seeks in this court as blocking MUD 180's ability to "enforce" the decertification order.  (*See, e.g.*, Docket Entry No. 32 at 12).  This approach is unavailing. Firstly, MUD 180 has no power to "enforce" the decertification order.  Instead, the decertification order makes it possible for MUD 180 to offer water services to Magnolia Springs since Dobbin's Certificate no longer blocks other providers from servicing the area.  Second, even if the court were to "block" MUD 180 from providing water service to Magnolia Springs, that would not enable Dobbin to do so, because the area has been decertified and Dobbin requires a Certificate to serve it.  Dobbin has failed to allege a redressable injury.  Because Dobbin has no standing, the court dismisses for lack of jurisdiction.

## IV.    Conclusion

The court grants the motion to dismiss.  (Docket Entry No. 31). Dobbin's claims are dismissed for lack of jurisdiction.  Because Dobbin has already amended its complaint, and

because further amendment would be futile, the court dismisses the claims with prejudice.  Final

judgment will be separately entered.

SIGNED on April 14, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge